**In re David and Jeanette REYNOLDS, Debtors.**

**Eric R.T. ROOST, Trustee, Plaintiff,**

v.

**David and Jeanette REYNOLDS, Defendants.**

**Bankruptcy No. 686–67522–aer7.
Adv. No. 95–6085–aer.**

United States Bankruptcy Court, D. Oregon.

Nov. 15, 1995.

Eric R.T. Roost, Eugene, OR, Plaintiff Pro se.

Alan G. Seligson, Eugene, OR, for Defendants.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

THIS MATTER comes before the court upon the defendants' motion for judgment on the pleadings made orally at a pretrial conference held herein on May 23, 1995. As a result of defendants' motion, this court established a briefing schedule. The last brief was filed on July 12, 1995 and this matter is now ripe for decision.

## BACKGROUND

This is an adversary proceeding brought by the trustee, as plaintiff, seeking to revoke the discharge of the debtors-defendants pursuant to 11 USC § 727(d)(1). In substance, plaintiff alleges in his complaint that the defendants filed their petition for relief under Chapter 7 of the Bankruptcy Code on March 20, 1986. In their schedules, the defendants have indicated that they had no interest in any real property. They further testified at their first meeting of creditors that they owned no real property or any interest therein. The testimony and representations of the defendants were knowingly and fraudulently false because they had, on December 20, 1977, entered into a land sale contract to purchase real property located at Route 1 Box 80–C, Oakland, Oregon, from Dewey and Eugenia Gaddis. The defendants knowingly concealed this property interest and obtained their discharge through fraud. Plaintiff did not learn about such fraud until after the granting of the defendants' discharge.

The defendants filed their answer to the plaintiff's complaint. The answer contains an affirmative defense indicating that the plaintiff's action is time barred as the plaintiff has not commenced this action within the time required by 11 USC § 727(e)(1). In their answer to the complaint, the defendants indicate that they were granted their discharge in the Chapter 7 case on or about December 23, 1986. The plaintiff's complaint was filed on April 10, 1995, more than eight years after the defendants received their discharge.

## ISSUE

The sole question presented to this court for a decision is whether or not the plaintiff's complaint is time barred for failing to commence the action within the time required by 11 USC § 727(e)(1).

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

■ Motions for judgment on the pleadings are governed by FRCP 12(c) made applicable by Federal Rule of Bankruptcy Procedure 7012(b). FRCP 12(c) provides in part as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

For purposes of the motion, all of the well plead factual allegations of the complaint are assumed to be true and all the contravening allegations are deemed to be false. *National Metropolitan Bank v. U.S.*, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383 (1945); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 883 F.2d 1429 (9th Cir.1989). Furthermore,

> In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

5A Wright & Miller, *Federal Practice and Procedure*, pp. 518–519 (1990).

■ In this adversary proceeding, the plaintiff seeks a judgment revoking the debt-

ors' discharge pursuant to § 727(d)(1), which provides that:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if
>
>> (1) such discharge was obtained through the fraud of the debtor, and *the requesting party did not know of such fraud until after the granting of such discharge;* (emphasis added)

The defendants contend that the plaintiff's action is time barred by § 727(e)(1) which provides that:

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge
>
>> (1) under subsection (d)(1) of this section within *one year after such discharge is granted;* (emphasis added)

Plaintiff concedes that his complaint has not been filed within one year after the granting of the discharge. Plaintiff maintains, however, that the doctrine of "equitable tolling" should be applied to toll the period of time provided in § 727(e)(1) such that the one year period begins after the discovery, by the plaintiff, of the fraudulent concealment, by the defendants, of their interest in real property.

The doctrine of equitable tolling was defined by the Supreme Court in *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) as follows:

> [T]his Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party. 327 U.S. at 397, 66 S.Ct. at 585.

The Supreme Court went on to state:

> This equitable doctrine is read into every federal statute of limitation. Id.

In spite of the broad statement set forth above, the Supreme Court has not, however, applied the doctrine in every case. In *Lampf, Pleva, Lipkind, et al v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), an action was brought by investors against a New Jersey law firm alleging violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5). There, the Supreme Court noted that several of the statutory provisions contained in the Securities Exchange Act (Title 15 United States Code) provided that an action must be brought to enforce any liability under the Act within one year after the discovery of the facts constituting the violation and within three years after such a violation. See 15 USC § 78(i)(e) and other similar statutes. In that case, plaintiffs urged that the doctrine of equitable tolling should be applied since they did not learn of the violation in time to comply with the time constraints of the statutes. The Supreme Court held:

> Notwithstanding this venerable principle, it is evident that the equitable tolling doctrine is fundamentally inconsistent with the one and three year structure.
>
> The one year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary ... Because the purpose of the three year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.
>
> Litigation instituted pursuant to § 10(b) and Rule 10(b)–5 therefore "must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." 501 U.S. at 363–64, 111 S.Ct. at 2782.

A number of courts have considered the question of whether or not the doctrine of equitable tolling can be applied within the context of § 727(e)(1). Most of them held that the doctrine may not be applied. *See In re Culton,* 161 B.R. 76 (Bankr.M.D.Fla.1993); *In re Bulbin,* 122 B.R. 161 (Bankr.D.C.1990); and *In re Fresquez,* 167 B.R. 973 (Bankr. D.N.M.1994); but see *In re Succa,* 125 B.R. 168 (Bankr.W.D.Tex.1991) where the court reached a contrary result.

In this district the question has been considered by Judge Perris in *In re Ford,* 159 B.R. 590 (Bankr.D.Or.1993). There, the plaintiff-creditor had a viable objection to the debtor's discharge, but was unable to timely pursue the objection because the debtor had neither scheduled plaintiff's debt nor notified the plaintiff of the bankruptcy until 19 months after the case had been filed. The plaintiff brought suit seeking a judgment declaring her debt to be excepted from discharge pursuant to § 523(a)(3)(a) and denying the debtor's discharge pursuant to § 727(d)(1). Judge Perris noted that:

> Congress has ... enacted a statute which makes a fraudulently obtained discharge uncontestable after one year. Section 727(e) provides that a request for revocation of a discharge on the grounds of fraud must be made within one year after such discharge is granted. 159 B.R. at 592.

> Congress has spoken on the question of fraud and for whatever reasons has seen fit to make discharges uncontestable on the grounds of fraud after one year. It is not my place to question what Congress has decreed, provided such a decree is permitted by the Constitution. 159 B.R. at 593.

The plaintiff argues that two cases decided by the Ninth Circuit Court Of Appeals in 1994 require that the *Ford* decision be revisited. *See In re United Insurance Management, Inc.,* 14 F.3d 1380 (9th Cir.1994) and *In re Olsen* 36 F.3d 71 (9th Cir.1994).

In *United Insurance Management, Inc.* the court held that § 546(a)(1) is subject to equitable tolling in proper circumstances.[1] In *Olsen,* the court concluded that equitable tolling may be applied to § 549(d).[2]

Accordingly, the plaintiff argues that since equitable tolling may be applied in cases dealing with the exercise, by the trustee, of his avoidance powers and in cases involving recovery of unauthorized postpetition transfers of property of the estate, that the doctrine should also apply, in appropriate circumstances, to actions brought under § 727(d)(1). Since the cases cited above were decided after the decision in *In re Ford,* the plaintiff urges this court to revisit that holding.

Notwithstanding the two 9th Circuit cases referred to above, this court believes that *In re Ford* remains good law in this district. Collier explains that the time limitation

> ... is not a mere statute of limitations, but an essential prerequisite to the proceeding. The year undoubtedly begins to run from the date of entry of the order of discharge and not from the discovery of the fraud. It was once thought that request to the court to vary or annul the order may be made after that time, though a court could properly refuse such an application when clearly made for the purpose of avoiding this limitation. But Bankruptcy Rule 9024, while making Fed.R.Civ.P. 60 applicable to bankruptcy cases, specifically provides that such application of the Civil Rule does not permit extension of the time allowed by section 727 of the Code for the filing of a complaint to revoke a discharge. The 1983 Advisory Committee note to Rule 9024 states that this makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge. 4 King, *Collier on Bankruptcy* § 727.16 (15th Ed.1993) at p. 727–113 [3]

The very wording of § 727 prevents application of the doctrine of equitable tolling. Note that an interested party may bring an action to revoke discharge only if "... the

---

**1.** § 546(a) (as it read prior to the October 1994 amendments) provided that "An action or proceeding under section 544, 545, 547 548, or 553 of this title may not be commenced after the earlier of (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or (2) the time the case is closed or dismissed."

**2.** § 549(d), provides that "An action or proceeding under this section may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed."

**3.** Fed.R.Bankr.P. 9024 (applying Fed.R.Civ.P. 60) states, in part, that: "Rule 60 Fed.R.Civ.P. applies in cases under the Code except that ... (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code ..."

requesting party did not know of such fraud until after the granting of such discharge;" § 727(d)(1), in part. Yet, § 727(e)(1) requires that revocation of discharge be requested "... within one year after such discharge is granted;" if the doctrine of equitable tolling were to be applied, the one year period prescribed in § 727(e)(1) would not begin until the fraud were discovered by the requesting party. Yet the statute clearly indicates that the one year period of time begins to run upon entry of the discharge at a time, when, by its terms, the requesting party is ignorant of the fraud. To borrow the wording of the Supreme Court, the doctrine of equitable tolling is fundamentally inconsistent with the provisions of § 727(d)(1) and § 727(e)(1).

The plaintiff's policy arguments are equally unavailing. In essence, the plaintiff argues that the defendant's fraudulent conduct should not go unpunished. The defendants argue that as a matter of public policy, and in furtherance of the defendants fresh start envisioned by the Bankruptcy Code, that debtors are entitled to an early determination as to whether or not their discharge will be granted and survive since they must know if they can get on with their financial lives. Again, this court agrees with the pronouncements of Judge Perris in *In re Ford,* the policy arguments have been resolved by Congress and it is not the province of this court to question what Congress has decreed. The Supreme Court has admonished us to give statutes their plain meaning. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

## CONCLUSION

This court concludes that § 727(e)(1) is not subject to the doctrine of equitable tolling. Accordingly, defendants' motion for judgment on the pleadings should be granted, an order consistent herewith shall be entered. This opinion contains the court's findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, they shall not be separately stated.