**In re Michael S. PHILLIPS, Debtor.**

**Janet S. Casciato–Northrup, Trustee, Plaintiff,**

v.

**Michael S. Phillips, Defendant.**

**Bankruptcy No. 96–70535–LEK.
Adversary No. 98–7031.**

United States Bankruptcy Court,
W.D. Texas,
Midland–Odessa Division.

May 10, 1999.

Robert R. Truitt, Jr., Midland, TX, for debtor, Michael S. Phillips.

Michael G. Kelly, Odessa, TX, for Chapter 7 trustee, Janet S. Casciato–Northrup.

### MEMORANDUM OPINION RE-GARDING DEFENDANT'S MOTION TO DISMISS

LARRY E. KELLY, Chief Judge.

On this date came on to be considered the Motion to Dismiss for Failure to State a Cause of Action Janet S. Casciato–Northrup Chapter 7 Trustee's Complaint as to the Allegations under 11 U.S.C. § 727(d)(1), filed on behalf of Defendant Michael S. Phillips in the above-styled and numbered adversary proceeding (the "Motion to Dismiss"). The parties requested, and the court permitted, the matter to be submitted on briefs.

Thus the court has before it the Motion to Dismiss, the Trustee/Plaintiff's Response to the Motion to Dismiss, and a brief from each party in support, as well as the Trustee's First Amended Complaint (the "Complaint") and the Answer of the Debtor/Defendant. In his Motion to Dismiss the Debtor urges the court to dismiss, under Federal Rule of Bankruptcy Procedure 7012(b), one count of the Trustee's Complaint brought under § 727(d)(1).[1] That section provides:

1. The Trustee also seeks revocation of the Debtor's discharge under § 727(d)(2) and turnover of property of the estate under § 542. The Debtor's Motion to Dismiss challenges only the § 727(d)(1) count.

2. Arguably, these grounds for dismissal are more properly brought as a motion for summary judgment on the Debtor's affirmative defense of statute of limitations. Because in this particular case there is support in the case law and commentary for the position that the timeliness of the action is "an essential prerequisite" of the action, and not a

On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if ... such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge....

The grounds for dismissal of the § 727(d)(1) count that are alleged by the Debtor are that the Trustee has failed to state a cause of action because it is time-barred.[2] Specifically, the Debtor argues that the action was brought more than one year after the Debtor was discharged, and in light of § 727(c)(1)'s provision that a trustee "may request a revocation of a discharge ... under subsection (d)(1) ... within one year after such discharge is granted," it is untimely and must be dismissed.

### THE STANDARD APPLICABLE TO THE MOTION TO DISMISS

The Fifth Circuit Court of Appeals has repeatedly stated the standard to be applied by a trial court in determining whether to dismiss, under Federal Rule of Civil Procedure 12(b)(6),[3] an action for failure to state a cause of action upon which relief can be granted:

A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982) [*cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d

mere a statute of limitations, the court will address the Motion to Dismiss. *See e.g., International State Bank v. Fresquez (In re Fresquez),* 167 B.R. 973 (Bankr.N.M.1994); L. King, 6 *Collier on Bankruptcy* § 727.16[1] at pp. 727–72, 727–73. To the extent necessary, the Motion to Dismiss will be treated as a motion for summary judgment on stipulated facts.

3. FRCP 12(b)(6) is incorporated in Federal Rule of Bankruptcy Procedure 7012, applicable in adversary proceedings in bankruptcy.

953 (1983)]. The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986) [*cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)]. The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Blackburn* [*v. Marshall*], 42 F.3d [925,] 931 [(5th Cir. 1995)].

This strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *FEDERAL PRACTICE AND PROCEDURE* § 1357, at 601 (1969).

*Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir.1997).

### FACTUAL BACKGROUND

Thus, in this case, the court takes as true the allegations of the Trustee's Complaint with respect to her § 727(d)(1) count. Those allegations that are relevant to the issues raised in the Motion to Dismiss can be summarized as follows:

### The Condo Transaction and the Phillips Note Forgiveness

On March 4, 1996, the Debtor transferred a condominium unit (the "Condo") to Kathy Clarke (now Kathy Phillips, the Debtor's wife) in exchange for a $60,000 real estate lien note (the "Phillips Note"), secured by a deed of trust on the Condo. No payments were ever made on the Phillips Note and the Debtor forgave it and released the deed of trust lien on September 25, 1996, subsequent to his marriage to Kathy Clarke.

On November 26, 1996, the Debtor filed his Chapter 7 case. He did not disclose on his Schedules, his Section 341 Meeting Questionnaire, or at his Section 341 Meeting either the transfer of the Condo or the forgiveness of the Phillips Note, nor were they otherwise known to the Trustee before the Debtor received his discharge on March 28, 1997.

### The Primary Management Note and Payments

As of November 26, 1996, when the Debtor filed his bankruptcy case, he was the owner and holder of a promissory note from Primary Management, Inc. in the amount of $5,000 (the "Primary Management Note"). During his case, he received five monthly payments on the Primary Management Note totaling $2,197.90. The Primary Management Note was never disclosed on his Schedules, his Section 341 Meeting Questionnaire, or at his Section 341 Meeting. Neither it nor the payments he received post-petition under it were known to the Trustee before the Debtor received his discharge on March 28, 1997.

### The Accounts Receivable and Their Collection

As of November 26, 1996, when the Debtor filed his bankruptcy case, he had accounts receivable from his medical practice of $8,418.16. During his case, he collected a portion of these. The existence of the accounts receivable was never disclosed on his Schedules, his Section 341 Meeting Questionnaire, or at his Section 341 Meeting, nor was it or the payments he received post-petition on those accounts receivable otherwise known to the Trustee before the Debtor received his discharge on March 28, 1997.

### The Bank Account and the Debtor's Use of Funds

As of November 26, 1996, when the Debtor filed his bankruptcy case, he had

on deposit at Canyon Creek National Bank $682.77 (the "Bank Account"). During his case, he used these funds. The existence of the Bank Account was never disclosed on his Schedules, his Section 341 Meeting Questionnaire, or at his Section 341 Meeting, nor was it or his post-petition use of the funds otherwise known to the Trustee before the Debtor received his discharge on March 28, 1997.

### The Filing of the Trustee's Complaint

The Trustee's Complaint was originally filed on November 19, 1998, almost one year and eight months after the Debtor received his discharge.

### ANALYSIS

The Debtor seeks dismissal of the Trustee's § 727(d)(1) count because it was not filed within one year of his discharge, as required by § 727(e)(1). The Trustee concedes this fact, but argues that the doctrine of "equitable tolling" applies to toll the statute of limitations in § 727(e)(1) and make the filing timely. She claims that equitable tolling applies because of the Debtor's fraud and concealment of the facts that form the basis of the Trustee's cause of action. The Debtor contends that as a matter of law equitable tolling does not apply to extend the time period in § 727(e)(1).

The doctrine of equitable tolling was defined by the Supreme Court in *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), as follows:

> [T]his Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party."

*Id.* at 397, 66 S.Ct. 582 (quoting *Bailey v. Glover,* 21 Wall. 342, 88 U.S. 342, 22 L.Ed.

636 (1874)). The Supreme Court went on to note that "[t]his equitable doctrine is read into every federal statute of limitation." *Id.*

The relatively few courts that have addressed whether equitable tolling may be applied to 11 U.S.C. § 727(e)(1) are virtually unanimous in holding that it may not. *E.g., Roost v. Reynolds (In re Reynolds ),* 189 B.R. 199 (Bankr.D.Or.1995); *International State Bank v. Fresquez (In re Fresquez ),* 167 B.R. 973 (Bankr.D.N.M.1994); *Malloy v. Frank (In re Frank ),* 146 B.R. 851 (Bankr.N.D.Okla.1992). *See also Gordon v. Bulbin (In re Bulbin ),* 122 B.R. 161 (Bankr.D.C.1990) (holding that plaintiff's lack of knowledge of the bankruptcy case doesn't affect the deadline in § 727(e)(1) for filing a § 727(d)(1) complaint, but not expressly discussing equitable tolling); *Santos v. Mast Construction Company (In re Santos ),* 24 B.R. 688 (Bankr.D.R.I.1982) (holding § 727(d)(1) complaint was untimely and noting the one year period for filing runs from discharge rather than discovery of the fraud, but not addressing expressly equitable tolling); *In re Schneider,* 37 B.R. 115, 119 (Bankr.E.D.N.Y.1984) (not addressing equitable tolling because complaint was filed within one year of discharge, but stating that "while a discharge can be denied if the debtor conceals assets or otherwise deals dishonestly with his creditor, it passes beyond recall, whatever the facts, with the termination of the proceeding or the lapse of time."); *Ford v. Ford (In re Ford ),* 159 B.R. 590 (Bankr. D.Or.1993) (holding that Rule 60(b) was not applicable to extend the time to file an action to revoke a discharge under grounds of mistake, and not addressing equitable tolling).

The only decision this court could locate where the court apparently held that equitable tolling was applicable to § 727(e)(1) is the unpublished District Court decision that reversed *Clay County Bank v. Culton (In re Culton ),* 161 B.R. 76 (Bankr.

M.D.Fla.1993).[4] *See Clay County Bank v. Culton (In re Culton)*, 111 F.3d 92, 93 (11th Cir.1997) (dismissing appeal from the District Court for lack of jurisdiction, and noting that the District Court had applied the doctrine of equitable tolling in reversing the bankruptcy court's dismissal of the plaintiff's action under § 727(d)(1)). Unfortunately, being unpublished and not having been reviewed on appeal on the merits, that decision is of little assistance to this court.

The rationale most commonly used by the courts that hold that equitable tolling does not apply is that § 727(d)(1), by its express terms, already takes into account the scenario where the plaintiff is not aware of the debtor's fraud until sometime after discharge—indeed, § 727(d)(1) *requires* that the plaintiff be unaware at the time the discharge order is entered. These courts reason that, since the Bankruptcy Code clearly contemplates the issue that equitable tolling addresses and still imposes a one-year deadline on bringing an action under § 727(d)(1) to revoke a discharge, Congress must have intended that equitable tolling not apply to § 727(e)(1). *See e.g., Fresquez*, 167 B.R. at 975 (Bankr.D.N.M.1994). A leading commentary also takes this position, stating in unequivocal terms that the one-year limitation of § 727(e)(1) for bringing certain discharge revocation actions "is not a mere statute of limitations, but an essential prerequisite of the proceedings" and "[t]he year undoubtedly begins to run from the date of entry of the order of discharge, and not from the discovery of the fraud." L. King, 6 *Collier on Bankruptcy*

§ 727.16[1] at pp. 727–72, 727–73 (15th ed. revised 1998).

Many of the courts holding that equitable tolling does not apply to § 727(e)(1) also find support in Federal Rule of Bankruptcy Procedure 9024 and the Committee Note on that Rule. *See e.g., Reynolds*, 189 B.R. at 202 (Bankr.D.Or.1995). Rule 9024 provides:

Rule 60 F.R.Civ.P. applies in cases under the Code except that ... a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code....

Rule 60 of the Federal Rules of Civil Procedure provides:

(b) **Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

4. The opinion of another court in this District in *Caughey v. Succa (In re Succa)*, 125 B.R. 168 (Bankr.W.D.Tex.1991) (Monroe, Bankr. J.), has been cited as holding that equitable tolling applied to § 727(e)(1). *See Roost v. Reynolds (In re Reynolds)*, 189 B.R. 199, 201 (Bankr.D.Or.1995). The court in *Succa*, unlike many courts addressing the issue, held that equitable tolling applies to § 727(e)(2). *See e.g., Davis v. Johnson (In re Johnson)*, 187 B.R. 984 (Bankr.S.D.Cal.1995) (holding that equitable tolling does not apply to § 727(e)(2); *Malloy v. Frank (In re Frank)*, 146 B.R. 851 (Bankr.N.D.Okla.1992) (same)); *contra, Dwyer v. Peebles (In re Peebles)* (holding that equitable tolling does apply to § 727(e)(2)). A review of the *Succa* decision, however, reveals that the court limited its holding to § 727(e)(2), and expressly acknowledged that most courts hold that equitable tolling does not apply to § 727(e)(1).

Finally, the Committee Note to FRBP 9024 provides:

> Pursuant to § 727(e) of the Code a complaint to revoke a discharge must be filed within one year of the entry of the discharge or, when certain grounds of revocation are asserted, the later of one year after the entry of the discharge or the date the case is closed.... Clauses (2) and (3) of this rule make it clear that the time periods established by § 727(e) ... of the Code may not be circumvented by the invocation of F.R.Civ.P. 60(b).

Citing this language, courts conclude that Congress intended the deadline in § 727(e)(1) to be absolute and unaffected by the doctrine of equitable tolling.

Finally, another theory relied on by at least one court in refusing to apply equitable tolling to § 727(e)(1) is the "plain language" rationale espoused by the United States Supreme Court in interpreting many provisions of the Bankruptcy Code recently. *See Malloy v. Frank (In re Frank)*, 146 B.R. 851 (Bankr.N.D.Okla. 1992). Under this rationale, cases such as *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), *Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), *United States v. Nordic Village, Inc.*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), *Union Bank v. Wolas*, 502 U.S. 151, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); and *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), mandate that the Bankruptcy Code be interpreted to give effect to the plain meaning of its terms, and since § 727(e)(1) is clear and unambiguous in its terms, it should be enforced as written with no exceptions.

The Trustee counters by pointing to a number of decisions where equitable tolling has been applied to extend statutes of limitation on bankruptcy causes of action. *See e.g., In re White*, 104 B.R. 951 (S.D.Ind.1989) (equitable tolling applicable to 11 U.S.C. § 546(a), providing the statutes of limitation for bringing avoidance actions by the trustee under § 544, 545, 547, 548 or 553 of the Bankruptcy Code); *In re Butcher*, 72 B.R. 247 (Bankr. E.D.Tenn.1987) (same); *In re Mufti*, 61 B.R. 514 (Bankr.C.D.Cal.1986) (holding that equitable tolling applied to Federal Rule of Bankruptcy Procedure 4004, providing the statute of limitations for filing objections to discharge).

This court finds persuasive the reasoning of the courts that hold equitable tolling is unavailable to actions governed by § 727(e)(1). All of the cases cited by the Trustee deal with statutes of limitation that are distinguishable from § 727(e)(1). In neither § 546(a) nor Rule 4004 is there any indication that Congress considered or addressed in the statute or the Rule the sort of circumstances that would warrant equitable tolling, such as the debtor's fraud and the plaintiff's lack of awareness of the existence of the cause of action at the time the statute begins to run. Section 727(e)(1), on the other hand, expressly deals with just those circumstances, and imposes a strict deadline. It expressly addresses situations where fraud has been committed and such was outside the knowledge of the trustee. Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute. *United States v. Beggerly*, 524 U.S. 38, ——, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998) (citing *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997)); *see also Braun v. Sauerwein*, 10 Wall. 218, 77 U.S. 218, 223, 19 L.Ed. 895 (1869) ("It seems, therefore, to be established, that the running of a statute of limitation may be suspended by causes *not mentioned in the statute itself*.") (*emphasis added*).[5] It is not for this court to

---

**5.** Section 727(e)(2), which is the statute of limitations for actions under § 727(d)(2) and (d)(3), applies to actions to revoke a discharge that do not necessarily involve facts that raise equitable tolling issues. It therefore might be argued that, unlike § 727(e)(1), it was not

override Congress' express will, regardless of the results.

### CONCLUSION

Based on the foregoing analysis, the court concludes that the Debtor's Motion to Dismiss should be granted, and the Trustee's § 727(d)(1) count should be dismissed. A separate order of even date herewith shall be entered consistent with this conclusion.

drafted to address those issues and is not inconsistent with equitable tolling. *See Succa,* 125 B.R. 168 (Bankr.W.D.Tex.1991).

Many courts have rejected this argument, however, holding in cases where § 727(e)(2) applied to an action to revoke a debtor's discharge because of the debtor's concealment of property of the estate from the trustee, that that concealment, and the trustee's late discovery of the existence of the cause of action, do not permit equitable tolling of the deadline in § 727(e)(1). *See e.g., Johnson,* 187 B.R. 984 (Bankr.S.D.Cal.1995); *Frank,* 146 B.R. 851 (Bankr.N.D.Okla.1992).