**In re Judy BEVIS, Debtor.**

**Victor W. Dahar, Plaintiff,**

v.

**Judy Bevis, Defendant.**

**Bankruptcy No. 96–10072–JMD.**
**Adversary No. 99–1127–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

Dec. 21, 1999.

Nancy H. Michels, Michels & Michels, Londonderry, NH, for Defendant.

Victor W. Dahar, Manchester, NH, Chapter 7 Trustee.

Geraldine B. Karonis, Manchester, NH, Assistant United States Trustee.

### MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

### I. BACKGROUND

On January 11, 1996, Judy Bevis (the "Debtor") filed the above-captioned bankruptcy case under Chapter 7. The case appeared to be of the "no-asset" variety and, as a consequence, was routinely administered. The Debtor received a discharge on July 26, 1996 and her case was closed on August 29, 1996. On February 18, 1999, the United States Trustee (the "UST") filed a motion seeking to reopen the Debtor's bankruptcy case for the purpose of investigating newly discovered evidence indicating that the Debtor may have failed to disclose assets in connection with her 1996 bankruptcy case. The UST's mo-

tion was granted. Shortly thereafter, Victor W. Dahar (the "Plaintiff") was appointed as Chapter 7 trustee. On July 21, 1999, the Plaintiff filed a complaint objecting to the Debtor's discharge and, on August 30, 1999, the Plaintiff filed Trustee's First Amended Complaint, which forms the basis of the above-captioned adversary proceeding. The Plaintiff seeks to have the Debtor's discharge revoked pursuant to 11 U.S.C. §§ 727(d)(1) and (d)(2).[1] On September 24, 1999, the Debtor filed a motion to dismiss the Plaintiff's complaint. The Court held a hearing on the Debtor's motion to dismiss on November 17, 1999 and took the matter under advisement.

In the context of reviewing the Debtor's motion to dismiss, the Court will accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996) (citing *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)). The Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). Accordingly, the Court shall take the Plaintiff's factual allegations as true in passing on the Debtor's motion to dismiss. The resulting question before the Court, therefore, is whether such facts would trigger the application of § 727(d)(1), or alternatively, § 727(d)(2).

In essence, the Plaintiff alleges that when the Debtor filed her bankruptcy case in 1996, she possessed an interest in real property that she fraudulently failed to disclose. More specifically, the Plaintiff alleges that the Debtor and her non-debtor spouse purchased real estate pre-petition and caused the deed to be transferred from the seller to the Debtor's parents and then to the Debtor's spouse. The Plaintiff alleges that the purchase price was paid

through the issuance of a note in the seller's favor, which was signed by both the Debtor and her spouse. The Plaintiff alleges that the Debtor's interest in such real estate was not listed on the Debtor's bankruptcy schedules and was never disclosed, and that such failure to disclose was fraudulent in nature. The Plaintiff argues that these facts warrant the revocation of the Debtor's discharge pursuant to either §§ 727(d)(1) or (d)(2). The Court takes the Plaintiff's allegations as true for purposes of deciding the Debtor's motion to dismiss.

The Debtor's motion to dismiss the Plaintiff's complaint is broadly premised upon two grounds. First, the Debtor argues that the Plaintiff fails to state a cognizable § 727(d)(2) claim on the ground that the Debtor did not have any interest in the subject property as of the petition date and that, even if she did, such an interest arose pre-petition and therefore § 727(d)(2) does not apply. Second, the Debtor argues that the Plaintiff's actions under §§ 727(d)(1) and (d)(2) are time-barred by §§ 727(e)(1) and (e)(2), respectively. Not surprisingly, the Plaintiff disagrees with both of the Debtor's positions. Because the Debtor's first argument would be rendered moot if her second argument proves successful, the time-barred issue shall be addressed first.

The Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. DISCUSSION

### A. Sections 727(d)(1), (d)(2), (e)(1), and (e)(2)

The Plaintiff argues that the Debtor's discharge should be revoked pursuant to

---

**1.** Unless otherwise noted, all section references hereinafter are to Title 11 of the United States Code.

§ 727(d)(1), or in the alternative, § 727(d)(2). Sections 727(d)(1) and (d)(2) provide:

(d) On request of the trustee, a creditor ... the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee ....

11 U.S.C. §§ 727(d)(1) and (2). In essence, §§ 727(d)(1) and (d)(2) allow a court to revoke a debtor's discharge when it is shown that the debtor engaged in certain types of fraud in connection with his or her bankruptcy case. The ability to revoke a discharge under § 727(d), however, is not temporally unlimited. Sections 727(e)(1) and (e)(2) create specific outside time limits regarding when an action under either §§ 727(d)(1) or (d)(2) may be brought. Section 727(e)(1) provides that an action pursuant to § 727(d)(1) shall be brought within one year following the granting of a debtor's discharge, while § 727(e)(2) states that an action under § 727(d)(2) shall be commenced before the later of one year following the granting of a debtor's discharge and the date the case is closed. *See* 11 U.S.C. §§ 727(e)(1) and (e)(2). The Plaintiff's complaint is clearly time-barred by the plain language of §§ 727(e)(1) and (e)(2). The complaint was filed almost three years following the time when the Debtor received a discharge and her case

was closed. Thus, even if the Plaintiff states a cause of action under either §§ 727(d)(1) or (d)(2), the Debtor's motion to dismiss must prevail unless an exception to the directives of §§ 727(e)(1) and (e)(2) is found to be applicable. The Plaintiff argues that such an exception exists as certain judicial doctrines have laid a gloss upon §§ 727(e)(1) and (e)(2) such that his complaint may pass through those sections unscathed. More specifically, he argues that both §§ 727(e)(1) and (e)(2) are subject to the doctrine of equitable tolling and that the Debtor's case was never truly closed for purposes of § 727(e)(2). These arguments will be addressed in turn.

**B. Equitable Tolling**

■ The Plaintiff argues that both §§ 727(e)(1) and (e)(2) are subject to the doctrine of equitable tolling. The Supreme Court has described the equitable tolling doctrine as follows:

[T]hat where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party."

*Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (quoting *Bailey v. Glover,* 88 U.S. 342, 21 Wall. 342, 22 L.Ed. 636 (1874)). The Supreme Court also stated in *Holmberg* that this doctrine is "read into every federal statute of limitation." *Id.* The Plaintiff argues that, pursuant to the doctrine of equitable tolling, the time limitations found in both §§ 727(e)(1) and (e)(2) were tolled until the Plaintiff discovered the Debtor's fraud, thereby making his complaint timely. Reading *Holmberg* on its own suggests a broad interpretation of the doctrine of equitable tolling, an approach that supports

the Plaintiff's position. Recent Supreme Court jurisprudence, however, suggests that the Court's view of equitable tolling may not be as liberal as one might first think. In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), for example, the Supreme Court addressed the issue of equitable tolling in the context of a Rule 10b–5 private cause of action. The applicable statute of limitations created a dual outside time limit: the action was required to be brought within one year following discovery of the facts constituting the violation and within three years following the violation. The Court held that equitable tolling was not applicable in such a context because the one-year period was triggered by discovery of the facts, therefore making tolling unnecessary, and the three-year period was "a period of repose inconsistent with tolling." *Lampf*, 501 U.S. at 363, 111 S.Ct. 2773.

This Court has not been directed to any decisions that sanction the use of equitable tolling in the context of § 727(e)(1). Moreover, its own research has proved fruitless in finding such a decision. By contrast, there exists a number of opinions concluding that equitable tolling is not applicable with respect to § 727(e)(1). *See Northrup v. Phillips (In re Phillips)*, 233 B.R. 712, 717 (Bankr.W.D.Tex.1999); *Roost v. Reynolds (In re Reynolds)*, 189 B.R. 199, 203 (Bankr.D.Or.1995); *Int'l State Bank v. Fresquez (In re Fresquez)*, 167 B.R. 973, 975 (Bankr.D.N.M.1994); *Clay County Bank v. Culton (In re Culton)*, 161 B.R. 76, 79 (Bankr.M.D.Fla.1993). Reading the doctrine of equitable tolling into § 727(e)(1) appears to upset a decision already made by Congress. Section 727(e)(1), when read in conjunction with § 727(d)(1), appears already to account for the circumstances that equitable tolling is designed to remedy. Section 727(d)(1), by its express terms, is not applicable unless the party requesting the revocation of a debtor's discharge did not know of the

operative fraud until after the granting of a discharge. Thus, the application of § 727(d)(1) always involves a party who has not discovered fraud until some period after the debtor receives his or her discharge. Yet § 727(e)(1) clearly imposes a one-year time limit beginning from the date of the debtor's discharge, notwithstanding the fact that the party requesting revocation has not discovered the relevant fraud until some time after discharge. Accordingly, when § 727(e)(1) is placed against the backdrop of § 727(d)(1), it appears that Congress did not intend for equitable tolling to apply to § 727(e)(1). *See Phillips*, 233 B.R. at 716 ("Congress must have intended that equitable tolling not apply to § 727(e)(1)."); *Reynolds*, 189 B.R. at 203 ("[T]he doctrine of equitable tolling is fundamentally inconsistent with the provisions of § 727(d)(1) and § 727(e)(1).").

Although courts do not appear willing to view § 727(e)(1) as subject to equitable tolling, some courts take a more liberal stance with respect to § 727(e)(2). At least two courts have been willing to read the doctrine of equitable tolling into § 727(e)(2). *See Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519, 522 (Bankr.D.Mass. 1998); *Caughey v. Succa (In re Succa)*, 125 B.R. 168, 174 (Bankr.W.D.Tex.1991). Other courts, however, decline such an invitation. *See Apex Wholesale, Inc. v. Blanchard (In re Blanchard)*, 241 B.R. 461 (Bankr.S.D.Cal.1999); *Davis v. Johnson (In re Johnson)*, 187 B.R. 984, 988 (Bankr. S.D.Cal.1995). This Court concludes that the better view is to not allow equitable tolling in the context of § 727(e)(2). Like the three-year time limit in *Lampf*, § 727(e)(2)'s time constraints are more akin to a statute of repose as opposed to a statute of limitations. The time limit connected with a statute of limitations generally begins when a cause of action accrues, while a statute of repose generally fixes an outside time limit as to when a cause of

action may accrue in the first place. *See Blanchard*, 241 B.R. 461, 465. *See also Black's Law Dictionary* 1423 (7th ed.1999) (defining a statute of repose as one "that bars a suit a fixed number of years after the defendant acts in some way ... even if this period ends before the plaintiff has suffered an injury"). "A statute of repose sets forth a period of repose, a given time span after the defendant's wrongful act in which a claim must accrue or be barred." *Blanchard*, at 465. Section 727(e)(2) sets outside time limits that are pegged to events independent of circumstances that give rise to a § 727(d)(2) cause of action. Section 727(e)(2)'s time limits hinge on when a debtor receives a discharge and when his or her case is closed, events that are unrelated to the fraud that underlies a § 727(d)(2) cause of action. Section 727(e)(2), therefore, is more like a statute of repose rather than a statute of limitations. *See id.* at 464. Accordingly, pursuant to the Supreme Court's statement in *Lampf* that a period of repose is inconsistent with equitable tolling, this Court holds that § 727(e)(2) is not subject to equitable tolling.[2]

■ The conclusion that equitable tolling is inapplicable to both §§ 727(e)(1) and (e)(2) is further supported by the notion that Bankruptcy Code provisions should be interpreted based upon their "plain meaning." *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Section 727(e)(1) clearly states that a § 727(d)(1) action may be brought within one year after a debtor

is granted a discharge, while § 727(e)(2) unambiguously limits the commencement of a § 727(d)(2) action to the same period, or the date the case is closed, whichever occurs later. Although words are subject to nuance, the meaning of this language appears clear: § 727(d)(1) and § 727(d)(2) actions must be brought within specific time periods. The use of equitable tolling in the context of either §§ 727(e)(1) or (e)(2) would eviscerate the plain meaning of such language. Moreover, the Supreme Court has recently stated that "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).

■ A further problem associated with reading equitable tolling into either §§ 727(e)(1) or (e)(2) is the problematic uncertainty that such an approach would create. A discharge order should be imbued with a high degree of finality. *See In re Edwards*, 236 B.R. 124, 126–27 (Bankr.D.N.H.1999); *Buckstop Lure Co. v. Trost (In re Trost)*, 164 B.R. 740, 744 (Bankr.W.D.Mich.1994) ("The finality of a discharge order must be given special consideration."). The finality of a discharge order would be severely compromised, however, if §§ 727(e)(1) and (e)(2) are viewed as subject to equitable tolling. When equitable tolling is combined with §§ 727(e)(1) and (e)(2), discharge orders are vulnerable to attack many years subsequent to their issuance. Such an outcome is squarely at odds with the notion that finality should govern discharge orders.

The Court notes that the question of whether equitable tolling applies to §§ 727(e)(1) and (e)(2) pits two important bankruptcy policies against one another: the need for finality in discharge orders and the view that the availability of dis-

---

**2.** This reasoning is equally applicable to § 727(e)(1) and only strengthens this Court's

conclusion that § 727(e)(1) is not subject to equitable tolling.

charge should be limited to honest debtors. On the one hand, as discussed, concluding that §§ 727(e)(1) and (e)(2) are subject to equitable tolling results in the finality of discharge orders being compromised. On the other hand, the Bankruptcy Code's policy of providing a fresh start to debtors, which is embodied by the granting of a discharge, is generally viewed as being limited to the honest, but unfortunate debtor. *See Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)). Foreclosing the availability of equitable tolling within the context of §§ 727(e)(1) and (e)(2) precludes the ability to revoke a debtor's discharge pursuant to § 727(d) after certain time periods pass, thus potentially allowing debtors to receive a discharge, and therefore a fresh start, despite clear indications of fraud.[3] Although the Court recognizes the policy considerations at stake, it remains cognizant that its role is not to make public policy; legislation is the exclusive province of Congress. *See Reynolds*, 189 B.R. at 203. Thus, although the Court is troubled by the competing policy considerations implicated by this case, it ultimately must defer to the plain meaning of §§ 727(e)(1) and (e)(2), which appears to preclude the availability of equitable tolling and attaches greater significance to the need for finality with respect to discharge orders.[4]

### C. Whether the Debtor's Case was Closed for Purposes of § 727(e)(2)

Even though a § 727(d)(2) action is commenced more than one year following a debtor's discharge, § 727(e)(2)(B) provides that it is still timely so long as it falls within one year following the closing of a debtor's case. *See* 11 U.S.C. § 727(e)(2)(B). Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). The Plaintiff argues that, because the Debtor failed to disclose an interest she held as of the petition date, and therefore an asset of the bankruptcy estate, the estate was not fully administered and therefore the case was never properly closed pursuant to § 350(a). Accordingly, the Plaintiff argues that his § 727(d)(2) action is timely pursuant to § 727(e)(2)(B) because the year following the closing of the Debtor's case has not run. The Plaintiff points to *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr.D.Mass.1998) in support of this argument. In *Peebles*, Judge Kenner, under similar circumstances, found merit in this argument and stated, in the context of determining whether a § 727(d)(2) action was time-barred by § 727(e)(2):

> Therefore, a case is not properly or finally closed until the assets of the estate are fully administered; and the Debtor's

---

**3.** The Court notes, however, that although a fraudulent debtor may retain the benefits of a discharge order pursuant to this Court's view that §§ 727(e)(1) and (e)(2) are not subject to equitable tolling, a trustee and creditors are not left without redress. For instance, in this matter, the Plaintiff as trustee may still recover the undisclosed property interest at issue as property of the estate and administer it for the benefit of creditors. *See Blanchard*, 241 B.R. at 466–67. Moreover, counsel for the UST suggested at the hearing that the Debtor may be subject to criminal action.

**4.** At the hearing, counsel for the UST directed the Court's attention to *In re Walker*, 195 B.R.

187 (Bankr.D.N.H.1996), a decision from this district wherein Judge Yacos stated that the doctrine of equitable tolling could be used to toll the 60 day deadline provided by Fed. R.Bankr.P. 4007(c). *See Walker*, 195 B.R. at 205–07. Counsel for the UST cites this case in support of her position that equitable tolling should apply to §§ 727(e)(1) and (e)(2). The *Walker* case, however, does not speak to equitable tolling in the context of §§ 727(e)(1) and (e)(2). In fact, its discussion of equitable tolling is primarily limited to Fed.R.Bankr.P. 4007(c). Accordingly, the Court finds that the *Walker* decision is of little import with respect to the issue of whether §§ 727(e)(1) and (e)(2) are subject to equitable tolling.

failure to schedule the assets at issue in this proceeding resulted in their remaining unadministered upon the closing of the case.

*Peebles,* 224 B.R. at 521. At least one other court agrees with this view. *See Succa,* 125 B.R. at 171. There are courts, however, that hold to the contrary. *See, e.g., Blanchard,* 241 B.R. at 466–67; *Johnson,* 187 B.R. at 986. This Court respectfully disagrees with the view espoused by Judge Kenner in *Peebles.* Such an approach appears to strip § 727(e)(2) of much of its substance. *See Blanchard,* 241 B.R. at 466–67. Under the *Peebles* approach, if a debtor fails to schedule an asset, the case can never properly be closed, thereby rendering any future § 727(d)(2) action timely *ad infinitum.* This view essentially renders a time-limiting statutory provision with no outside time limit for many cases, a result that this Court concludes cannot be what Congress intended. Accordingly, the Court holds that the Debtor's case was closed for purposes of § 727(e)(2) on August 29, 1996, notwithstanding the fact that the Debtor failed to schedule or disclose an asset of the estate.

The *Peebles* approach also suffers from the same finality infirmities discussed above in connection with the issue of whether §§ 727(e)(1) and (e)(2) are subject to equitable tolling. By creating a mechanism by which a § 727(d)(2) action may be pressed many years following the issuance of a discharge order, the finality of such an order is weakened. At some point, a debtor should be confident in knowing that his or her discharge order is free from attack. The *Peebles* approach, like reading equitable tolling into §§ 727(e)(1) and (e)(2), weakens such confidence.

## III. CONCLUSION

Because the Court concludes that §§ 727(e)(1) and (e)(2) are not subject to equitable tolling, and that the Debtor's case was closed for purposes of § 727(e)(2) on August 29, 1996, it finds that the Plaintiff's complaint is time-barred pursuant to §§ 727(e)(1) and (e)(2). Because the Court finds that the Plaintiff's complaint is untimely, it is not required to pass on the Debtor's contention that the Plaintiff fails to state a claim under § 727(d)(2). Accordingly, the Debtor's motion to dismiss is granted. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate judgment in accordance with this opinion shall be entered.