**In re Joseph FANARAS and Jean D. Fanaras, Debtors.**

**M. Ellen Carpenter, Chapter 7 Trustee, Plaintiff,**

**v.**

**Joseph Fanaras, Defendant.**

**Bankruptcy No. 90–13719–RS. Adversary No. 01–1364.**

United States Bankruptcy Court, D. Massachusetts.

June 3, 2005.

M. Ellen Carpenter, Esq., Roach & Carpenter, P.C., Boston, Massachusetts, Chapter 7 Trustee.

Evans J. Carter, Esq., Hargraves, Karb, Wilcox & Galvani, LLP, Framingham, Massachusetts, for Debtor.

*MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ON DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT*

ROBERT SOMMA, Bankruptcy Judge.

By her complaint in this adversary proceeding, the Chapter 7 Trustee, M. Ellen Carpenter, seeks under 11 U.S.C. § 727(d) to revoke the discharge entered in this case in favor of Debtor Joseph Fanaras. Her complaint includes eight counts, four based on § 727(d)(1) and four based on § 727(d)(2). The complaint is before the Court now on two motions: the Trustee's motion for summary judgment as to all counts in the complaint: and the Debtor's cross-motion for summary judgment, which seeks dismissal as to all counts on the basis that they are time-barred. For the reasons set forth below, the Court will deny the Trustee's motion and allow the Debtor's cross-motion as to the counts arising under § 727(d)(1) but deny it as to the counts arising under § 727(d)(2).

*Cross–Motion for Summary Judgment*

**1. Counts under § 727(d)(1)**

█ The Bankruptcy Code expressly limits the period in which a party may request a revocation of a Chapter 7 discharge under § 727(d)(1): "The trustee ... may request a revocation of a discharge under subsection (d)(1) of this section within one year after such a discharge is granted." 11 U.S.C. § 727(e)(1). The Debtor, citing this statutory limitation, contends that the Trustee's counts under subsection (d)(1) are time-barred. The Trustee acknowledges the applicability of this one-year limitation to counts under (d)(1) and concedes that she made the present request many years after the Debtor's discharge was granted. But her counts under (d)(1) are not time-barred, she nonetheless maintains, because the one-year period was equitably tolled while she remained unaware of the basis for those counts; she cites *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519, 522 (Bankr. D.Mass.1998) for the applicability of equitable tolling to the (d)(1) statute of limitations. Citing *In re Bevis*, 242 B.R. 805 (Bankr.D.N.H.1999), the Debtor responds that, as a matter of law, equitable tolling simply does not apply to § 727(e)(1).

Therefore, as a threshold issue, the Court must determine whether the limitation established in subsection (e)(1) is ever subject to equitable tolling. This issue is strictly one of law and therefore well-suited for disposition on motion for summary judgment, there being no issue of material fact whatsoever. For the reasons articulated by Judge Deasy in *Bevis*, which I need not reiterate or elaborate upon, the Court holds that the § 727(e)(1) limitation period is not subject to equitable tolling.[1] Accordingly, the Debtor is entitled to judgment as a matter of law as to Trustee's counts under § 727(d)(1), and his cross-motion for summary judgment must be allowed as to those counts.

**2. Counts under § 727(d)(2)**

In § 727(e)(2), the Bankruptcy Code limits the period in which a party may

---

1. I do not read Judge Kenner's decision in *Peebles* as to the contrary. *Peebles* concerned the limitation period in subsection (e)(2), not (e)(1). And Judge Kenner's holding that equitable tolling was available with respect to

(e)(2) was expressly based on a material difference between (e)(2) and (e)(1): that (e)(2), unlike (e)(1), does not apply exclusively to actions that, by their nature, involve concealment from the trustee.

request a revocation of a Chapter 7 discharge under § 727(d)(2). The action must be commenced before the *later* of (a) one year after the granting of the discharge and (b) the date the case is closed. 11 U.S.C. § 727(e)(2). The Debtor concedes, and the docket clearly establishes, that this case has not been closed. It follows that this action was commenced within the limitations period and that the Debtor's cross-motion for summary judgment must denied insofar as it is based on the statute of limitations.

■ In the alternative, the Debtor also contends that the Trustee's complaint is barred by the equitable doctrine of laches. In support of this position, he argues that the Trustee failed to act with sufficient diligence in commencing this action and that he suffered prejudice as a result. The Court finds that the record is replete with evidence that controverts his position on these issues and thus creates genuine issues of material fact as to the elements that the Defendant must prove in support of this defense. Therefore, summary judgment must be denied as to this affirmative defense.

For these reasons, the Debtor's cross-motion for summary judgment must be denied as to the counts under subsection (d)(2).

*Trustee's Motion for Summary Judgment*

■ The Trustee seeks summary judgment as to her case in chief, as to which she would bear the burden of proof at trial. Each of the Trustee's four counts under § 727(d)(2) requires proof of specific intent, that the Debtor acted "knowingly and fraudulently." 11 U.S.C. § 727(d)(2). To prevail on her motion for summary judgment, she must not only adduce evidence of such intent but also show that there is no genuine issue of fact as to such intent. This latter requirement, combined with the necessity of indulging all possible inferences against the moving party, renders the establishment of fraudulent intent by summary judgment seldom justified and less often prudent. See *In re Varrasso*, 37 F.3d 760 (1st Cir.1994). Despite the strength of the Trustee's evidence, the Debtor has adduced some evidence to the contrary, and, on motion for summary judgment, the Court may not weigh the evidence. The Court is satisfied that the matter should be determined by trial, not by summary judgment.

### ORDER

For the reasons set forth above, the Court hereby ORDERS that the Debtor's Cross–Motion for Summary Judgment is allowed as to the Trustee's counts under § 727(d)(1) and denied as to the remainder of the complaint and that the Trustee's Motion for Summary Judgment is denied.