In re Lynda D. BAILEY, f/k/a Lynda B. Davis, Debtor.

Bankruptcy No. 96–11171–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Feb. 18, 1998.

Thomas D. Lovett, Albany, GA, for Debtor.

Janice Rovner Feldman, U.S. Department of Justice, Washington, DC, Bernard Snell, U.S. Attorney's Office, Macon, GA, for Internal Revenue Service.

J. Coleman Tidwell, Macon, GA, Chapter 7 Trustee.

*MEMORANDUM OPINION*

JAMES D. WALKER, Jr., Bankruptcy Judge.

Lynda D. Bailey ("Debtor") filed a Motion To Set Aside Discharge Order And Then To Dismiss Case on October 15, 1997. The motion is opposed by the Internal Revenue Service ("IRS"). No other creditor or party at

interest has filed any objection to the motion. A hearing on the motion was held on November 17, 1997. Debtor and IRS were represented by counsel at the hearing. No other creditors or parties at interest filed any objection to the motion or appeared at the hearing to oppose the motion. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). These findings of fact and conclusions of law are published in accordance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

This Chapter 7 petition was filed on October 16, 1996. The Court's Notice of Bankruptcy was issued and served on all creditors and parties at interest on October 18, 1996. The Trustee in the case, J. Coleman Tidwell, filed his Trustee's Report of No Distribution on December 16, 1996. On February 19, 1997, the Discharge of Debtor was entered. The language of that document provides in pertinent part as follows:

It appearing that a petition commencing a case under title 11, United States Code, was filed by or against the person named above on 10/16/96, and that an order for relief was entered under chapter 7, and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court ...;

IT IS ORDERED THAT:

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable ...;

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors

whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

The form of the discharge order complies substantially with Official Form 18. The discharge was served on creditors on February 22, 1997. A Final Decree in the case was entered on March 17, 1997.

On August 29, 1997, Debtor filed a Motion To Reopen Case In Order To Set Aside Discharge Order Or Alternatively To Determine Tax Liability. The motion was opposed by IRS. A hearing on the motion was held on September 22, 1997. At the conclusion of the hearing, the motion was granted and an order was entered. The order provided as follows:

The Attorney for the Debtor filed a Motion To Reopen the above-referenced bankruptcy case. After proper notice and hearing, and for good cause shown, it is hereby ORDERED, that this bankruptcy case shall be reopened upon payment of the appropriate filing fee. No Trustee shall be appointed.

Against this background, Debtor's current motion is considered.

Debtor's motion is motivated by the assumption that certain tax liabilities not discharged in this case would have been discharged if the date of filing this case had been delayed by an undetermined interval of time. This opinion makes no findings of fact or law as to the dischargeability of any such debt. The recitation of this assumption is stated here to explain Debtor's motivation in seeking to have the discharge revoked and to have this case dismissed. Whether Debtor's assumption is correct is not material to the reasoning or conclusion stated in this opinion.

### Conclusions of Law

█ The Bankruptcy Code section addressing revocation of discharge is 11 U.S.C. § 727(d).[1] Debtor is not one of the entities

---

1. 11 U.S.C. § 727(d) provides as follows:
   (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a

hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

entitled to request a revocation of the discharge. Further, the grounds which serve as the basis of Debtor's request are outside the scope of this section. Thus, based upon this Bankruptcy Code section, the relief requested by Debtor is not available. See *In re Markovich*, 207 B.R. 909 (9th Cir. BAP 1997), for a discussion of this issue.

▮ Debtor further proposes to rely on Federal Rule of Bankruptcy Procedure 9024 which makes Federal Rule of Civil Procedure 60(b) applicable in bankruptcy cases. That Rule is entitled "Relief From Judgment Or Order." It covers clerical mistakes, inadvertence, excusable neglect, newly discovered evidence and fraud. None of those circumstances are applicable here with the possible exception of excusable neglect. That ground has been eliminated by the recent Eleventh Circuit opinion in the case of *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir.1997). The *Riney* case has established the rule in the Eleventh Circuit that a mistake of law is not to be considered as excusable neglect.[2] Thus, any showing Debtor might make as to the difficulty of calculating the tolling periods preceding the filing of this case could not serve as the basis for the exercise of the court's discretion pursuant to Federal Rule of Bankruptcy Procedure 9024. If the date of filing this case was based upon the erroneous assumption that the tax liabilities would be discharged, that mistake and the neglect it might represent could not be the basis for relief in this case no matter how excusable it might appear.

Neither section 727(d) nor Rule 9024 seems aimed directly at the problem presented by Debtor. Since the discharge was not a result of adverse action taken by IRS and was instead a benefit conferred upon Debtor at her request, it seems more reasonable to interpret Debtor's motion as a request to waive discharge pursuant to section 727(a)(10). That section provides that the court shall grant the debtor a discharge unless "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." Reference to Federal Rule of Bankruptcy Procedure 4004(c)(1)(c), shows that the court is required to "forthwith grant the discharge unless ... the debtor has filed a waiver under section 727(a)(10)...." The other provisions of Rule 4004(c) relate to events which must precede the entry of the discharge order. Most bankruptcy courts enter the discharge order within a month following the deadline for the filing of objections to discharge. During this time period, the staff of the Clerk of the Bankruptcy Court will administratively review the case to determine whether objections to discharge have been filed and, if not, to create the documents necessary to enter the discharge and close the case.

The missing element of this procedure is the establishment of a deadline for Debtor's exercise of her right to waive a discharge under section 727(a)(10).[3] While it may be that a debtor has not waived the discharge before the discharge order is entered, it is troublesome to conclude that Debtor has lost this right. Federal Rule of Bankruptcy Procedure 4004(c) provides that the court shall "forthwith" grant the discharge "*unless* ... the debtor has filed a waiver under section 727(a)(10).... [4]"

---

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

**2.** The court's discussion related to excusable neglect for the purpose of determining whether an extension of time to file notice of appeal was warranted under Federal Rule of Appellate Procedure 4(a). However, in its analysis reference was made to the excusable neglect language appearing in Federal Rule of Civil Procedure 60(b).

**3.** 11 U.S.C. § 727(a)(10) provides as follows:

(a) The court shall grant the debtor a discharge, unless ...

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

**4.** Fed.R.Bankr.P. 4004(c) provides as follows:

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to

The term "forthwith" defines a time interval within which the discharge order is entered following the deadline for the filing of objections to discharge. The entry of a discharge order has been routinely understood to be the point in time after which debtor may not waive the discharge. The use of such a casual, ambiguous, and unofficial deadline period would be unprecedented in the Bankruptcy Code.

A careful study of these provisions shows that there is no stated deadline within which a debtor must file the waiver of discharge. While the closing of the case might be considered as such a deadline, the fact remains here that this case has been reopened. Even though it may have been closed at some time in the past, it is open now such that the matter of Debtor's waiver of discharge is an issue in the case again.

Debtor in this case may suffer irreparable harm if the discharge is not vacated. Balanced against that loss is the corresponding harm incurred by parties with an interest in the finality of the discharge. The only party in such a position is IRS. They are pleased with the entry of the discharge because it may extend by as much as six years the time for collection of taxes from Debtor. If the tax liability is not discharged in this case, as Debtor suspects, the entry of the discharge makes Debtor ineligible to discharge the tax liability for six years following the filing of this case. That benefit would be enjoyed by IRS without any action having been taken by IRS to secure the benefit of that position for itself. In other words, it is purely and simply a windfall of rights to IRS.

The court can find no reason why Debtor would not have been entitled to seek waiver of the discharge if the request had been made prior to the entry of the discharge order. Now, following the entry of the discharge, it is asserted by IRS that the entry of the discharge terminates Debtor's right to waive the discharge. While such a rule has an appealing basis in logic, it has problems when examined against the plain language of the Code. Furthermore, there is no language in the Code or Rules which plainly suggests that such a result is compelled.[5]

If, instead, the Code had used a specified period of time such as 30 days in place of the term "forthwith", it might arguably be concluded that the stated deadline was one which terminated Debtor's option to waive the discharge. The use of the term "forthwith" suggests that the Clerk of the Bankruptcy Court should complete this task as soon as possible after it appears that the task is ready for completion. How then may the Clerk determine that Debtor's time to request a waiver of discharge has expired? While there is no right on the part of any creditor to object to the entry of the discharge following the expiration of the deadline for the filing of objections to discharge, it does not likewise follow as a matter of logical statutory construction that the entry of the discharge serves as Debtor's deadline for the filing of a waiver of discharge. The lack of a stated deadline within which Debtor should be required to take that step appears to be a defect in the structure of the Code and/or Rules.

On the other hand, if Debtor's motion is to be granted on this basis, every discharge in

discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), the court shall forthwith grant the discharge unless:
(a) the debtor is not an individual,
(b) a complaint objecting to the discharge has been filed,
(c) the debtor has filed a waiver under § 727(a)(10),
(d) a motion to dismiss the case pursuant to Rule 1017(e) is pending,
(e) a motion to extend the time for filing a complaint objecting to discharge is pending, or
(f) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and

any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.
(2) Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that, the court may defer entry of the order to a date certain.

**5.** There is case authority for the view that the Debtor's right to waive the discharge ends at the time of the entry of the discharge. *See, e.g., In re Eliscu,* 163 B.R. 335 (Bankr.N.D.Ill.1994); *In re Leiter,* 109 B.R. 922 (Bankr.N.D.Ind.1990).

every case might be subject to waiver forever. Such a chaotic result cannot be deemed to be the intent of congress. Therefore, some reasonable construction of these ambiguous provisions of the Code and Rules must be adopted.

Regardless of the ambiguity noted here as to whether the clerk can determine that Debtor has not filed a timely waiver of discharge, a decision must be made by the clerk to enter the discharge at some point before the case is closed. There is no more logical point at which to enter the discharge than after the time expires for creditors to file objections to the discharge. If Debtor has not waived the discharge by that time, the entry of discharge may be the only remaining impediment to the closing of the case.

If every case were closed promptly following discharge, it might be appropriate to set the deadline for waiving discharge at the point where no forum remains available for that purpose. In other words, even if Debtor could claim that no deadline prevented the waiver of discharge following entry of discharge, the closing of the case might prevent the filing of such a waiver because there would be an interval following the entry of discharge where Debtor would have to take the .additional step of requesting that the case be reopened before the waiver could be filed. The necessity for that additional step could be seen as a reasonable barrier to the assertion of the right to waive discharge. Unfortunately, a few cases remain open for years after the entry of discharge. To set the closing of the case as the deadline for filing the waiver is about as unworkable as concluding that the waiver can be filed in a reopened case.

Upon the entry of the discharge, certain important rights become vested. While the Court recognizes the arguable inequity presented by concluding that a waiver cannot be filed after a discharge is entered, any such inequity is offset by the necessity for finality and predictability. While no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver the discharge.

An order will be entered denying Debtor's motion.