**In re Teresa A. ROBINSON, Debtor.**

**Educational Credit Management Corporation, Plaintiff,**

**v.**

**Teresa A. Robinson, Defendant.**

**Bankruptcy No. 600–65901–aer13.
Adversary No. 01–6170–aer.**

United States Bankruptcy Court, D. Oregon.

Oct. 29, 2002.

---

**60**

Steve Tweet, Albert & Tweet, LLP, Salem, OR, for Plaintiff.

Stephen Behrends, Eugene, OR, for Defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief Judge.

This adversary proceeding was brought by the plaintiff to revoke an order, entered in the main bankruptcy case on January 5, 2001, confirming the debtor's Chapter 13 plan dated October 5, 2000 with certain modifications contained in the order. A trial has been held and this court took the matter under advisement. This opinion constitutes the court's findings of fact and conclusions of law, they shall not be separately stated.

### FACTUAL BACKGROUND

Between April, 1995 and September, 1997, debtor/defendant, Teresa A. Robinson, took out six (6) student loans from Washington Mutual Bank to attend North-west Christian College. Sallie Mae Servicing Corp. (Sallie Mae) serviced the loans. The Oregon Student Assistance Commission (OSAC) was the original guarantor.

Debtor filed her Chapter 13 petition, herein, on October 6, 2000. Her plan contained a provision that Sallie Mae's claim "is discharged under 11 U.S.C. § 523(a)(8) on the grounds that excepting the student loan from discharge would impose an undue hardship on the debtor and the debtor's dependents." Debtor served the plan on Sallie Mae's registered agent. On or about October 13, 2000, the court caused the plan to be sent to Sallie Mae at its business address in Wilkes Barre, Pennsylvania, as well as the notice of the bankruptcy, including notice of the confirmation hearing.

On November 3, 2000, Sallie Mae assigned the loans to OSAC. On November 7, 2002, OSAC received the assignment (and request to pay on the guaranty). On November 27, 2002, Sallie Mae filed a proof of claim for $41,455.81 as a general unsecured claim. On December 9, 2000, OSAC paid on the guaranty. Neither Sallie Mae nor OSAC advised the debtor, this court, or the Chapter 13 trustee of the assignment to OSAC.

The confirmation hearing was held on December 19, 2000. The Chapter 13 trustee objected to the student loan verbiage to the extent it purported to grant a discharge at confirmation, rather than at plan completion. Debtor's counsel agreed to modify the plan accordingly in the confirmation order and to give Sallie Mae 15 days to object. With that change, the trustee recommended confirmation. This court confirmed the plan, but required that Sallie Mae be specifically served with the Order confirming Plan pursuant to Bankruptcy Rule 7004.

Meanwhile, OSAC assigned the loans to Plaintiff pursuant to a transfer agreement. Plaintiff is the servicer for the ultimate guarantor/reinsurer, the U.S. Department of Education. On January 2, 2001, Plaintiff received the transfer of the loans from OSAC via magnetic tape. On January 5, 2001, OSAC transferred the loans to Plaintiff by letter.

The Confirmation Order was entered on January 5, 2001. Paragraph 12 of the Confirmation Order gave Sallie Mae 15 days to object and notes the name of Sallie Mae's registered agent. The Order was served by the court's clerk on Sallie Mae's registered agent that same day.

On January 16,2001, Plaintiff filed a Notice of Assignment of Claim, attaching a computer copy of the January 5, 2001 OSAC assignment. The Notice indicated the claim amount as $53,293.07. Plaintiff was then added to the mailing matrix. At no prior time did Plaintiff advise the court that it held the claim. On February 12, 2001, Plaintiff received a copy of the original plan and Confirmation Order from OSAC.

On March 1, 2001, debtor filed an amended plan which contained identical student loan language. Plaintiff objected to confirmation of the amended plan. Debtor withdrew the amended plan, leaving the plan which had already been confirmed by the order of January 5, 2001 in effect. On July 3, 2001, Plaintiff commenced this adversary proceeding.

At trial, Plaintiff's only witness, Daniel Fisher, testified in general about Plaintiff's and its predecessors' procedures. He testified that upon the filing of a Chapter 13 petition, Sallie Mae has an obligation to file a claim on the guaranty with OSAC within 30 days. OSAC then has 45 days to pay on the guaranty. Only after it has paid, can it transfer the claim to Plaintiff. He further testified that Plaintiff receives between 1,200–1,600 plan documents per month, which are routed to its bankruptcy department. The bankruptcy department is not on the lookout for discharge provisions, such as the one contained here. Catching them is hit or miss. The department is mainly concerned with ensuring that a proof of claim has been filed. Plaintiff does not normally object to confirmation, because the loans are presumptively nondischargeable. On the other hand, if an adversary proceeding is filed, Sallie Mae faxes the summons, which is routed directly to Plaintiff's legal department, which then transfers the matter to outside counsel within 48 hours. Sallie Mae does not, however, normally fax plan documents to Plaintiff. Mr. Fisher admitted that since 1998 there have been approximately 260–270 Chapter 13 plans with discharge provisions. He acknowledged the import of the 10th Circuit's decision in *In re Anderson*.[1]

Plaintiff acknowledges that revocation of the order confirming Debtor's Chapter 13 plan is not based on fraud or lack of due process. Accordingly, Debtor maintains that the order confirming the plan is immune from revocation based on 11 U.S.C. § 1330(a). Plaintiff maintains that the order confirming the plan may be revoked for "misconduct" or "excusable neglect" pursuant to FRCP 60 as made applicable to bankruptcy proceedings by FRBP 9024.

## ISSUE

.This opinion discusses the question of whether or not the Order Confirming the

---

1. In *Andersen v. UNIPAC–NEBHELP, (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999) the court upheld, on res judicata grounds, a discharge clause in a plan against a collateral attack, while acknowledging that the clause did not comply with the Code. Plaintiff was the student loan creditor there, as here.

Chapter 13 plan may, in this case, be revoked even though confirmation was not procured by fraud and the plaintiff has not alleged a lack of due process. For the reasons that follow, this court concludes that the order may not be revoked.

## DISCUSSION

Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11, United States Code.

Section 1330(a) provides:

> On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

Plaintiff argues that FRCP 60(b)—as applicable through FRBP 9024 [2]—provides additional grounds for revocation of a Chapter 13 confirmation order. More particularly, Plaintiff argues § 1330(a) should be construed as a mere limitations period on revocation, where the action is based on fraud. In contrast, Defendant argues that § 1330(a) is both a substantive and temporal limitation on revocation.

Both sides of the issue before this court were eloquently discussed in *Branchburg Plaza Associates, L.P. v. Fesq, (In re Fesq)*, 153 F.3d 113 (3rd Cir.1998) where the majority adopted the defendant's position, the dissent, the plaintiff's.

In *Fesq*, a secured creditor moved to revoke a confirmation order based on inadvertence, excusable neglect or mistake. Creditor's counsel alleged he missed the date for filing objections to confirmation due to a computer glitch at his office. In rejecting the argument that § 1330(a) is merely a limitations period, the court held § 1330 provided the complete substantive basis for revocation of confirmation orders. It gave effect to FRBP 9024 by limiting it to the Rule 60 grounds based on fraud, and in any case, if the statute and rule conflicted, the rule must give way pursuant to 28 USC § 2075.[3]

The majority reached its conclusion by the following reasoning:

> It is of course conventional wisdom that the statute should be read to give some effect to the final phrase "if such order was procured by fraud," for as a general rule of statutory construction "[w]e strive to avoid a result that would render statutory language superfluous,

---

**2.** FRBP 9024 provides in pertinent part:

Rule 60 F.R. Civ. P. applies in cases under the Code except that . . .
(3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

FRCP 60(b) in turn provides in pertinent part:

[T]he court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an ad-

verse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have any prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

**3.** 28 U.S.C. § 2075 provides in pertinent part that the bankruptcy rules "shall not abridge, *enlarge,* or modify any substantive right." (emphasis added).

meaningless, or irrelevant"... And here it is particularly unlikely that the final phrase is mere surplusage, because it would have been so easy not to include the phrase if it were really superfluous. Simply excising the phrase from the statute would have left a perfectly sensible sentence that would accomplish every purpose of the current statute-except, that is, for limiting the grounds for relief, the subject that we address hereafter.

Ordinary English usage tells us that Section 1330(a) is subject to only two interpretations if we are to avoid rendering meaningless the qualification "if such order was procured by fraud." First, the section can be read to say that a confirmation order can be revoked only upon a showing of fraud, and to set a 180–day time frame within which a motion for such relief may be tendered. Second, the section can be read as only prescribing a 180–day time limit on motions to revoke orders that were procured by fraud, without speaking at all to the subject of other potential grounds for revocation.... [W]e conclude that the first construction is the more reasonable interpretation of Congress' intent. (Internal citations omitted).

*Id.* at 115.

As to the second possible interpretation, the majority stated that they could find no reason why:

Congress would find it necessary to reassure courts that fraud-among all of the grounds for relief enumerated in Rule 60(b)-is a permissible reason to revoke a confirmation order. Surely if any confirmation of the circumstances entitling a litigant to relief were needed, actual fraud on the litigant would be the least likely candidate for such a statutory confirmation. Thus on its face the Section 1330(a) language makes far more sense

as a substantive limitation than as a needless permissive reminder.

*Id.* at 117. In addition, the majority notes that the first interpretation of the statute protects the finality of Chapter 13 confirmation orders. *Id.* at 119.

The dissent in *Fesq, Id.* at 120 (Stapleton, J. dissenting), argues that the second interpretation noted by the majority is the proper one. It reasoned:

As I read it, and as the drafters of Rule 9024 must have read it, section 1330(a) says nothing about limiting the grounds on which relief from a confirmation order may be granted.

*Id.* at 121.

Rule 9024 thus incorporates the grounds of relief provided in Rule 60 and then provides a different time schedule with respect to three separate categories of orders. The time limit for application for relief from an order confirming a plan of reorganization is the 180 days specified in the three cited statutory sections.

*Id.*

The court logically observes that any court would know that it had the power to revoke a confirmation order procured by fraud without statutory confirmation, and that section 1330(a) must therefore be read as a substantive limitation on the available grounds for relief. But the function of section 1330 is not to reassure courts that they have the power to revoke confirmation plans for fraud. Rather, its function is to provide a check by Congress on a court's natural inclination to entertain charges of actual fraud at any time-such challenges may only be brought within 180 days. This time limitation is the essence of section 1330(a), and Rule 9024 incorporates this essential element. Section 1330(a) contains no restriction on the court's ability to con-

sider any number of bases for revisiting a confirmed plan, and Rule 9024 incorporates the only true restriction in that section. Rule 9024 in no way runs afoul of section 1330(a).

*Id.*

The dissent also observed § 1144, the parallel Chapter 11 provision, was amended in 1984 to add the language "if and only" before "if such order was procured by fraud", while § 1330(a) went unchanged. It deduced Congress had a reason for making the change, perhaps to make Chapter 11 plans more difficult to set aside. The majority, however, saw this change as merely technical—perhaps to address then recent case law holding fraud was a nonexclusive ground for revocation of Chapter 11 confirmation orders. *Id.* at 118. The dissent also hints that the 9th Circuit might not follow the majority decision, citing *Cisneros v. U.S. (In re Cisneros)*, 994 F.2d 1462 (9th Cir.1993).

In *Cisneros, supra,* the trustee mistakenly reported that all claims had been paid through a Chapter 13 plan. Based on that report, the bankruptcy court entered a discharge under § 1328(a). In fact, the IRS' allowed claim had not been paid. The IRS sought to revoke the discharge order. The bankruptcy court framed the issue as to whether the discharge could be revoked based on "mistake". The 9th Circuit Court of Appeals held that FRBP 9024 could co-exist with § 1328(e)[4] (which allows revocation of a Chapter 13 discharge "only if" for fraud), at least to correct a mistake of fact by the court. The court noted that there is "no reason to believe that Congress intended section 1328(e) to prevent the bankruptcy court from correcting its own mistakes." *Id.* at 1466.

> The order of discharge was entered by the bankruptcy court under misapprehension as to the facts of the case. Had the court been apprised of the actual facts, it would never have entered the order. In our view, this is precisely the sort of "mistake" or "inadvertence" that Rule 60(b) was intended to reach.

*Id.* at 1467.

In a subsequent case, Judge Perris, of this Court, has opined in the § 727(d)(1)[5] and § 727(e)[6], context, that *Cisneros* is a reaffirmation of a court's inherent power to correct its own mistakes. *In re Ford,* 159 B.R. 590; 593 (Bankr.D.Or.1993). She disagreed that *Cisneros* should be read as a broad power to use FRCP 60(b) to vacate discharges (under § 727(d)). *Id.; see also, In re Daniels,* 163 B.R. 893 (Bankr. S.D.Ga.1994) (similarly limiting *Cisneros* in the context of § 1328(e)).

Here, the confirmation of Debtor's Chapter 13 plan cannot be revoked based

---

4. Section 1328(e) provides:

> On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—
> (1) such discharge was obtained by the debtor through fraud; and
> (2) the requesting party did not know of such fraud until after such discharge was granted.

5. Section 727(d)(1) allows for revocation of a Chapter 7 discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such

fraud until after the granting of such discharge."

6. Section 727(e) provides:

> The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> (2) under subsection (d)(2) or (d)(3) of this section before the later of—
> (A) one year after the granting of such discharge; and
> (B) the date the case is closed.

upon a mistake of fact, such as existed in *Cisneros*, as the true state of the facts was placed upon the record in open court, and the court confirmed the debtor's plan after being satisfied that Plaintiff (or at least Plaintiff's predecessor in interest) would be specifically served with the order of confirmation and given an opportunity to object.

### *Conclusion*

After due consideration, this Court agrees with both the *Fesq* majority, and *Ford's* interpretation of *Cisneros*. In the final analysis, § 1330(a) [7] must be construed as Congress' acknowledgment that confirmation orders are indeed different than other orders. "Any other result does harm to the finality normally accorded confirmation orders and specifically provided for by Congress in § 1327(a)." *In re Ritacco*, 210 B.R. 595, 599 (Bankr.D.Or. 1997).

It is noteworthy that plaintiff has not alleged any lack of due process in this case. Any failure to receive timely notice of the Chapter 13 plan or the Order confirming the Chapter 13 plan by the plaintiff was occasioned by the convoluted assignment process described in the factual background of this opinion. The plaintiff was admonished in *Andersen v. UNIPAC–NEBHELP, (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999) that: "A creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests." *Id.* at 1257. Accordingly, based solely upon the facts in this case, Plaintiff's complaint must fail. An appropriate judgment shall be entered dismissing the plaintiff's complaint and awarding to the debtor/defendant her costs and disbursements incurred herein.

---

7. Along with §§ 1144 & 1230(a).

### JUDGMENT

This matter came before the court for trial. Plaintiff was represented by Stephen T. Tweet, Defendant was represented by Stephen Behrends. The court having received evidentiary exhibits, heard the testimony of Plaintiff's witness, the argument of counsel and took the matter under advisement. Having now entered its opinion and being fully advised in the premises, herein

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's complaint be dismissed and that Plaintiff take nothing thereby; and

**IT IS FURTHER ORDERED** that Defendant shall have and recover of and from Plaintiff, Defendant's costs and disbursements incurred herein.