**In re Felipa P. MAGUNDAYAO, Debtor.**

No. 03–12711 (SMB).

United States Bankruptcy Court, S.D. New York.

Aug. 16, 2004.

Douglas J. Pick, Esq. (Douglas J. Pick P.C., of Counsel), New York City, for Charles M. Weiss, Inc.

David B. Shaev, Esq., New York City, for Debtor.

Silverman, Perlstein & Acampora LLP (Kenneth P. Silverman, Esq., Anthony C. Acampora, Esq., Robert D. Nosek, Esq., of Counsel), Jericho, NY, Chapter 7 Trustee.

## MEMORANDUM DECISION DENYING MOTION TO VACATE ORDER GRANTING DISCHARGE

STUART M. BERNSTEIN, Chief Judge.

Charles M. Weiss, Inc. ("Weiss"), the debtor's former landlord, moved to vacate the debtor's discharge pursuant to FED. R. CIV. P. 60(b), arguing that the debtor lied in her schedules. Weiss also sought an extension of his time under FED. R. BANKR. P. 4004 and 4007 to file a complaint objecting to the debtor's discharge or to determine the dischargeability of his claim, or both. For the reasons that follow, the motion is denied without prejudice to Weiss's right to sue to revoke the debtor's discharge under 11 U.S.C. § 727(d).

## BACKGROUND

The underlying facts are not in dispute. The debtor is a dentist who, at all relevant times, operated a dental practice from offices located at 405 Lexington Avenue in Manhattan (the "Premises"). She leased the Premises from Weiss.

On April 30, 2003, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On that date, the debtor was apparently current in the payment of rent. Her schedules identified Weiss as the lessor under an unexpired lease, (see Debtor's Voluntary Chapter 7 Petition, Schedule G)(ECF Doc. # 1), but did not list him as a creditor, or include his name on the creditor matrix. As a result, the clerk of the court did not send Weiss the usual notice on Official Form 9, telling him that the section 341(a) meeting was scheduled for June 3, 2003, and that the deadline for filing a complaint objecting to the debtor's discharge or seeking a deter-mination of the dischargeability of a debt was August 4, 2003. (See ECF Doc. # 2.)

The debtor continued to occupy the Premises post-petition, and paid the rent through the end of December 2003. On January 7, 2004, her lawyer wrote to Weiss, advising him that the debtor would not continue with the lease. The letter also stated, inter alia, that the debtor had filed a chapter 7 petition on April 30, 2003. According to Weiss's affidavit submitted with his moving papers, the January 7th letter was his first inkling of the bankruptcy.[1] On January 22, 2004, the debtor amended her schedules to add Weiss as a general unsecured creditor, (ECF Doc. # 6), and sent Weiss the amendments at the same time.

After he reviewed the amended schedules, Weiss told the debtor's trustee that the debtor had failed to list substantial personal assets and had misrepresented her actual income and expenses. He assumed that the trustee would investigate the matter, and the trustee apparently did. In March 2004, however, the trustee informed Weiss that he had completed his investigation, and planned to close the bankruptcy case. The order of discharge was issued shortly thereafter on March 22, 2004. Upon learning of the trustee's decision and the issuance of the debtor's discharge, Weiss retained his current lawyer, Douglas J. Pick, Esq., and filed this motion under FED. R. CIV. P. 60(b).

## DISCUSSION

■ FED. R. CIV. P. 60(b), made applicable to this proceeding by FED. R. BANKR. P. 9024, provides in relevant part that

[o]n motion and upon such terms as are just, the court may relieve a party or a

---

1. Weiss subsequently commenced a state court action against the debtor, but voluntarily discontinued it shortly after he started it.

party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . .

While Rule 60(b) seems to authorize the relief prayed for, it must be read in conjunction with 11 U.S.C. § 727(d) which states:

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

The Rule and statute seem to conflict. In contrast to Rule 60(b), which identifies numerous grounds to "vacate" a discharge order (*e.g.*, fraud, mistake, excusable neglect), § 727(d)(1) limits the "revocation" of the discharge to situations involving fraud by the debtor. A federal bankruptcy rule cannot, however, "abridge, enlarge, or modify" a substantive right provided under the Bankruptcy Code, 28 U.S.C. § 2075,[2] and a debtor who received a discharge could well argue that expanding the grounds to vacate a discharge abridged that right.

The apparent conflict between Rule 60(b) and § 727(d) has generated a host of opinions involving the revocation of discharges under chapter 7, the analogous provisions of chapter 13, 11 U.S.C. § 1328(e),[3] and the substantially similar requirements for revoking confirmation orders under chapter 11, 11 U.S.C. § 1144,[4] and chapter 13, 11 U.S.C. § 1330(a).[5] Most courts have concluded that Rule 60(b) cannot expand the limited statutory grounds for revoking discharge and confirmation orders, and limit the use of Rule 60(b) to the court's correction of its own errors.

**2.** Section 2075 states in relevant part:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, enlarge, or modify any substantive right.

**3.** Section 1328(e) provides:

On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—
(1) such discharge was obtained by the debtor through fraud; and
(2) the requesting party did not know of such fraud until after such discharge was granted.

**4.** Section 1144 states in relevant part:

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

**5.** Section 1330(a) states:

On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

The leading case espousing this view is *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462 (9th Cir.1993). There, the IRS filed a proof of claim in a joint chapter 13 case. The bankruptcy clerk's office failed to follow its general practice of notifying the trustee of the claim. As a result, the trustee made the distributions to the creditors that she believed had filed claims, paying nothing to the IRS. After she issued her final report and accounting, the bankruptcy court granted the debtors a "full compliance" discharge under 11 U.S.C. § 1328(a). *Id.* at 1464.

The IRS subsequently filed a motion to reopen the case and vacate the discharge under Rule 60(b), arguing that the debtors did not make all of the payments under the plan, and were not, therefore, entitled to a "full compliance" discharge. *Id.* The bankruptcy court *sua sponte* raised the question whether it could vacate the discharge under Rule 60(b). Following supplemental briefing, the bankruptcy court granted the IRS's motion, and the bankruptcy appellate panel affirmed. *Id.*

The Court of Appeals acknowledged that a Rule cannot conflict with a statute. *Id.* at 1465. Nevertheless, it concluded that Congress could not have intended § 1328(e) which, like § 727(d)(1), requires fraud to revoke a discharge, to prevent a bankruptcy court from correcting its own mistakes:

> [T]he Debtors have suggested no reason to believe that Congress intended section 1328(e) to prevent the bankruptcy court from correcting its own mistakes. That this section specifies that a discharge may be revoked "only" for fraud may be explained, we think, as a means of emphasizing that other grounds for revocation—whether general equitable principles or some reason set forth in section 727(d), which governs revocation of a discharge granted in a Chapter 7

proceeding—are not to be imported into the Chapter 13 context.

> Section 1328(e) therefore does not conflict with Rule 9024 as applied by the bankruptcy court. A Chapter 13 debtor's right to have his discharge revoked only for fraud (and not on general equitable grounds or for some reason that would justify revocation of a Chapter 7 discharge) is in no way infringed when a court vacates an order of discharge entered by mistake. The bankruptcy court and the BAP therefore properly rejected the Debtors' argument that section 1328(e) serves to limit the power conferred upon the court by Rule 60(b) through Bankruptcy Rule 9024.

*Id.* at 1466. Relying on Rule 60(b), the *Cisneros* Court affirmed the revocation of the discharge, concluding that the chapter 13 discharge could be vacated under Rule 60(b) where the "order of discharge was entered by the bankruptcy court under a misapprehension as to the facts of the case." *Id.* at 1467.

Subsequent decisions nonetheless reflect a reluctance to extend *Cisneros* beyond its facts. Instead, they limit the use of Rule 60(b) to situations that involve a court's attempt to correct its own mistake in issuing the discharge or confirmation order. *E.g., Duplessis v. Valenti (In re Valenti)*, 310 B.R. 138, 147 (9th Cir. BAP 2004)(interpreting *Cisneros* to limit revocation of chapter 13 confirmation order under Rule 60(b) to the situation where the court corrects its own clerical mistakes); *Educational Credit Mgmt. Corp. v. Robinson (In re Robinson)*, 293 B.R. 59, 64–65 (Bankr.D.Or.2002)(same); *United States v. Trembath (In re Trembath)*, 205 B.R. 909, 914 (Bankr.N.D.Ill.1997)(same); *Nissan Motor Acceptance Corp. v. Daniels (In re Daniels)*, 163 B.R. 893, 897 (Bankr.S.D.Ga.1994)(observing that expanding *Cisneros's* use of Rule 60(b) to

vacate a chapter 13 discharge order would contravene the "fresh start" policy and the goal of finality); *Ford v. Ford (In re Ford)*, 159 B.R. 590 (Bankr.D.Or.1993)(ruling that a court cannot revoke a chapter 7 discharge order under Rule 60(b), and reading *"Cisneros* as a reaffirmation of a court's inherent power to correct its own clerical errors"); *see In re Fesq*, 153 F.3d 113, 117 n. 6 (3d Cir.1998)(holding that Rule 60(b) cannot provide a basis for revoking a chapter 13 confirmation order on any ground other than fraud, but stating, in *dicta*, and without referring to *Cisneros*, that "courts could still redress clerical mistakes via Rule 60(b) without fear of violat-

ing Section 1330(a)"), *cert. denied*, 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999); *but cf. Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1198–99 (10th Cir.2003)(concluding that § 1328(e) is limited to "revocation" of the discharge order, and does not bar the forms of relief available under Rule 60(b)) [6].

This limited exception does not apply to the current dispute, because the clerk did not issue the discharge in error. Under Rule 4004(c), and with certain exceptions, the clerk of the court must issue discharge "on expiration of the time fixed for filing a complaint objecting to discharge." [7] The

**6.** Another line of cases addresses the related problem of a motion by a chapter 7 debtor to revoke his own discharge, usually made for some tactical reason. Section 727(d) permits the trustee, a creditor or the United States trustee to request the revocation of the discharge, but is not available to the debtor. Some courts have concluded that neither Rule 60(b) nor the court's inherent authority fill the gap so as to permit the chapter 7 debtor to revoke his own discharge. *E.g., In re Markovich*, 207 B.R. 909, 913 (9th Cir. BAP 1997) (concluding, without discussing *Cisneros*, that the court lacked "the inherent equitable power to revoke a discharge outside of the framework of § 727(d)"); *In re Nader*, No. 97–30043, 1998 WL 767459, at *2 (Bankr. E.D.Pa. Oct.30, 1998) (concluding that the Third Circuit's decision in *Fesq* precluded the debtor's reliance on Rule 60(b) to revoke his own discharge); *In re Leiter*, 109 B.R. 922, 925 (Bankr.N.D.Ind.1990) (section 727(d) provides the exclusive means to revoke a chapter 7 discharge); *In re Calabretta*, 68 B.R. 861, 863 (Bankr.D.Conn.1987) (court lacks authority to revoke chapter 7 discharge on equitable grounds at the request of the debtor). Others have reached the opposite conclusion. *E.g., In re Mosby*, 244 B.R. 79 (Bankr.E.D.Va.2000) (chapter 7 debtor may seek to vacate discharge under Rule 60(b) in appropriate circumstances); *In re Bailey*, 220 B.R. 706, 708 (Bankr.M.D.Ga.1998) (implying that Rule 60(b) is available but concluding that the debtor did not satisfy its requirements); *In re Jones*, 111 B.R. 674, 680 (Bankr.E.D.Tenn.1990) (court may revoke

chapter 7 discharge at debtor's request under Rule 60(b) in appropriate circumstances).

The chapter 7 debtor's right to use Rule 60(b) to revoke his own discharge raises a different issue from the creditor's use of the Rule to circumvent the restrictions in § 727(d). Section 727(d) advances the goals of the "fresh start" by restricting an adverse party's ability to take back a discharge once it has been granted. In short, it protects the debtor. It does not follow that § 727(d) was intended as an obstacle to prevent the debtor from vacating his own discharge when it served his interests to do so, and the relief was otherwise appropriate. Furthermore, 11 U.S.C. § 727(a)(10) expressly authorizes the debtor to waive his discharge, with the court's permission, after the order for relief. If the Code permits the debtor to refuse to accept his discharge, it should also allow him to give it back.

**7.** FED. R. BANKR. P. 4004(c) provides, in pertinent part:

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss that case under Rule 1017(e), the court shall forthwith grant the discharge unless:

(A) the debtor is not an individual,

(B) a complaint objecting to the discharge has been filed,

(C) the debtor has filed a waiver under § 727(a)(10),

(D) a motion to dismiss the case under § 707 is pending,

deadline for filing an objection to discharge is sixty days after the date first set for the § 341(a) meeting of creditors. FED. R. BANKR. P. 4004(a). Here, the debtor's § 341(a) meeting was scheduled for June 3, 2004, objections were due by August 4, 2003, and the notice, (ECF Doc. # 2), sent to all creditors—but not Weiss—informed them of these dates.[8]

The clerk should have issued the discharge on or about August 5, 2003. She did not do so until March 22, 2004, but there is no explanation for the delay. None of the exceptions listed in FED. R. BANKR. P. 4004(c) appeared to justify the delay. Specifically, the Court's docket does not reflect that the Court extended the deadline, or that a motion was ever made requesting an extension. Accordingly, the clerk should have performed the non-discretionary duty of issuing the discharge order in early August 2003, and the only mistake that occurred in this case was that she waited until March 2004.

The foregoing requires that I deny Weiss's motion, but the denial is without prejudice to Weiss's right to commence an adversary proceeding to revoke the debtor's discharge under § 727(d).[9] The debtor's opposition argued that the § 727(d) remedy was foreclosed because Weiss knew about the debtor's alleged fraud prior to the issuance of the discharge. This position, however, ignored the holding of *Citibank, N.A. v. Emery (In re Emery)*, 132 F.3d 892 (2d Cir.1998). There, the Court ruled that for the purpose of § 727(d)(1), the discharge is deemed to have issued when it should have issued rather than when it actually issued. Consequently, a creditor who discovered the debtor's fraud between those two dates could still file a timely adversary proceeding to revoke the discharge. *Id.* at 896–97.

Settle order on notice.

(E) a motion to extend the time for filing a complaint objecting to the discharge is pending,

(F) a motion to extend the time for filing a motion to dismiss the case under rule 1017(e)(1) is pending, or

(G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.

8. It is not clear that at the time this case was commenced, Weiss was a "creditor" entitled to notice of the § 341(a) meeting, *see* FED. R. BANKR. P.2002(a)(1), or notice of the discharge objection deadline. *See id.,* 4004(a). The debtor was apparently current in the payment of rent, and Weiss may not have become a creditor until the lease was deemed rejected at the end of June 2003. *Cf. In re Boston Post Road Ltd. P'ship*, 21 F.3d 477, 484 (2d Cir. 1994)("A party to a lease is considered a 'creditor' who is allowed to vote, 11 U.S.C. § 1126(c), only when the party has a claim against the estate that arises from rejection of a lease.")(quoting *Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (In re Greystone III Joint Venture)*, 995 F.2d 1274, 1281 (5th Cir. 1991), *cert. denied*, 506 U.S. 822, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992)). On the other hand, if Weiss was a creditor who should have been scheduled and entitled to actual notice of the objection deadline, the failure to list him as a creditor arguably denied Weiss his statutory right to object to the discharge in violation of the Fifth Amendment's due process clause. *See In re Ford*, 159 B.R. at 593–94.

9. This result moots his request for an extension of time to file an objection to the debtor's discharge. Weiss also sought additional time to file a complaint to determine the dischargeability of debt owed to him by the debtor. He failed to show any basis, however, to except his rejection damage claim from the scope of the general discharge.